EDWARD N. SCRUGGS, Retired Circuit Judge.
This fraud case concerns misrepresentation made by mistake in the sale of a five-acre subdivision lot to the Keiths, the plaintiffs, by the seller’s real estate agent, Ferdon Realty Company, the defendant.
One of the defendant’s pleas to the plaintiffs’ fraud complaint was the statute of limitations. In the trial court’s oral charge to the jury, the learned trial court charged that the burden of proof was upon the defendant as to the statute of limitations defense. That was the only charge to the jury as to the burden of proof as to that defense. At the conclusion of the oral charge, and outside of the hearing of the jury, the defendant duly objected to that particular portion of the trial court’s oral charge on the ground that, after a defendant raises the statute of limitations as a defense, the burden is upon the plaintiff to prove that his cause of action accrued within the period of the bar. The defendant cited to the trial court the case of Papastefan v. B & L Construction Company, 385 So.2d 966 (Ala.1980), as authority for the ground of its objection. The trial court did not request of the defendant further explanatory instructions as to that matter, and the trial court made no further explanatory change thereon of its own. The defendant had already requested a charge on such burden of proof, and it had been refused by the trial court.
The jury returned a verdict in favor of the plaintiffs and against the defendant in the amount of $10,000 and judgment Was duly entered pursuant to that verdict. The defendant appealed.
The charge of the trial court erroneously placed the burden of proof upon the defendant as to its statute of limitations defense. Instead of being the defendant’s burden, the burden of proof was upon the plaintiffs to reasonably satisfy the jury from the evidence that their action for fraud was filed within the period of the bar. Papastefan, 385 So.2d at 967; Cities Service Oil Company v. Griffin, 357 So.2d 333, 341 (Ala.1978); A.P.J.I Civil, Charge 8.02 and References thereto (1974). That burden of proof as to a statute of limitations defense is an exception to the general rule that the party who pleads an affirmative defense must prove it. A.P.J.I Civil, supra.
In making its objection and in giving the grounds for the objection to that portion of the trial court’s oral charge, the defendant’s attorney complied with the provisions of Rule 51 of the Alabama Rules of Civil Procedure and properly preserved that question for appellate review, and gave to the trial court an opportunity to correct that erroneous portion of its oral charge to the jury. Since no corrective action was taken by the trial court and, having reviewed the entire charge and found that the improper charge was the sole instruction to the jury upon the burden of proof as to the defense of the statute of limitations, we cannot conclude that the defendant was *919 not prejudiced by that improper portion of the charge.
We have no alternative but to reverse this matter for the giving of that erroneous charge. We pretermit any discussion of other issues so raised by the defendant, but we note that we have duly considered the other major issues, and this court finds no merit in them.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18~10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.